**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**ORLANDO DIVISION**

**CASE NO.:**

**FRANCISCO AGNELO FERNANDES,**

      **Plaintiff,**

**vs.**

**MAGICAL CRUISE COMPANY, LIMITED,**
**d/b/a DISNEY CRUISE LINES,**
**a foreign corporation,**

      **Defendant**.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

      **FRANCISCO AGNELO FERNANDES ("Plaintiff")** files this Complaint and Demand for Jury Trial against **MAGICAL CRUISE COMPANY, LIMITED, d/b/a DISNEY CRUISE LINES, a foreign corporation**, **("Defendant")** and alleges as follows:

      1.     This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of costs and interest. Plaintiff is seeking damages in excess of seventy five thousand dollars ($75,000.00), exclusive of interest, costs and attorney's fees. This Court has jurisdiction based on 28 USC § 1333.

      2.     Plaintiff is a citizen of India, is over twenty-one years old, and is otherwise properly before the Court.

      3.     Defendant is a foreign corporation, based in Celebration, Florida, which is authorized to conduct and is conducting business in the State of Florida.

      4.     At all times material hereto, Defendant personally or through an agent:

a.  Operated, conducted, engaged in and/or carried on a business venture in the State of Florida, and in particular Orange County, Florida;

b.  Engaged in substantial business activity in the State of Florida, and in particular in Orange County, Florida;

c.  Operated vessels and provided vessels for cruises in the water of this state; and

d.  Committed one or more acts as set forth in Florida Statute Section 48.08 (1), 48.181, and 48.193, which submit Defendant to jurisdiction and venue of this Court.

5.  Pursuant to Florida Statute Section 47.051, venue is proper in Orange County pursuant to the forum selection clause contained in the employment contract between Plaintiff and Defendant.

6.  At all times material hereto, Defendant owned, operated, maintained, or controlled the M/S MAGIC and M/S WONDER and its appurtenances and equipment, and employed and controlled the crew.

7.  At all times material hereto, Defendant employed Plaintiff to serve as a seaman, as defined by the General Maritime Law and 46 U.S.C. 688 et seq., (commonly known as the "Jones Act"), aboard the M/S MAGIC and M/S WONDER.

8.  Pursuant to the Jones Act, Defendant owed Plaintiff the duty to use reasonable care to provide Plaintiff with a safe place to work, with proper and adequate crew and equipment, so that Plaintiff could perform work without being unreasonably subjected to injury.

-2-

9.      Pursuant to the Jones Act and the General Maritime Law, Defendant owed Plaintiff the duty to assign Plaintiff work reasonably suited to Plaintiff's physical condition and not to assign Plaintiff work which would aggravate Plaintiff's injuries or physical disabilities. *See, e.g.*, *Walsh v. Consolidated Rail  Corporation*, 937 F. Supp 380, 390 (E.D. Pa. 1996)(duty of employee "not to aggravate known disabilities in an employee by negligently assigning the employee to work which reasonable men would realize might aggravate his disability").

10.     Pursuant to the Jones Act and the General Maritime Law, Defendant owed Plaintiff the non-delegable duty to arrange, provide and pay for prompt, adequate, and complete medical care and treatment for illnesses and/or injuries that Plaintiff may experience while in service to the vessel.

11.     Pursuant to the Jones Act and the General Maritime Law, Defendant owed Plaintiff the non-delegable duty to provide maintenance and cure for illnesses or injuries that Plaintiff may experience while in service to the vessel.

12.     At all times material hereto, Defendant employed Plaintiff as a custodial host aboard the M/S MAGIC and M/S WONDER.  Plaintiff's job required Plaintiff to work long hours repetitively lifting and carrying heavy items.  In additions to his strenuous regular duties, Plaintiff was required to assist with passenger luggage on embarkation and disembarkation days and to assist the linen keeper in lifting and carrying heavy linens.

13.     At all times material hereto, the M/S MAGIC and M/S WONDER were in

navigable waters.

14.     On or about July of 2008, Plaintiff was performing his duties on the M/S MAGIC when he began experiencing low back pain and numbness.  Plaintiff was medically disembarked in Puerto Vallarta, Mexico where he was diagnosed with L4-L5 and L5-S1 disc protrusions.  Plaintiff underwent conservative treatment in the form of physical therapy and medication.  Plaintiff was declared to be at maximum medical improvement ("MMI") and fit for duty ("FFD") and returned to work on the M/S MAGIC.

15.     On or about January 12, 2019, Plaintiff was performing his duties on the M/S WONDER when he suddenly began feeling back and left leg pain and numbness.  Plaintiff went to the ship's infirmary where he was given medication and advised to continuing working.  Plaintiff returned to the infirmary on January 24, 2019 where he was given an injection and more medication and was given two days off from work.  Plaintiff continued working in pain until February 1, 2019 when he was sent ashore in Antigua.

16.     On February 3, 2019 Plaintiff was repatriated to India for medical treatment. Imaging of Plaintiff's back showed that Plaintiff suffered from a large extruded disc at L5-S1 as well as annulus tears at L3-L4 and L4-L5.  Plaintiff underwent conservative treatment for his condition but has not improved and Plaintiff is unable to return to ship board work. Plaintiff is not at MMI or FFD.  Plaintiff requires surgery to improve his condition

17.     Respondent required Claimant to continue working while injured in a physically demanding and strenuous job.  Respondent's failure to assign Claimant

alternative work duties substantially worsened Claimant's medical condition, causing Claimant to experience additional and unnecessary pain and suffering, and resulting in Claimant suffering additional disability and permanent injury.

18.     Plaintiff sought medical care and treatment from Defendant for the above described injuries.  Defendant did not provide Plaintiff with prompt, adequate and complete medical treatment, medicine, surgery, rehabilitation and therapy.  In particular, Plaintiff needed appropriate medical treatment for Plaintiff's back injury but Defendant refused to provide all of the necessary and proper medical care.

19.     Defendant's failure and refusal to provide Plaintiff with prompt, adequate, and complete medical care and treatment substantially worsened Plaintiff's medical condition, causing Plaintiff to experience additional and unnecessary pain and suffering, resulting in Plaintiff suffering additional disability and permanent injury.

20.     Defendant did not pay all of Plaintiff's wages and daily living expenses which Defendant was legally obligated to pay pursuant to the General Maritime Law.

21.     Defendant's failure and refusal to provide prompt, adequate, and complete wages and maintenance and cure is without any legal justification whatsoever, and in callous disregard for Plaintiff's rights as a seaman.

22.     Defendant's conduct delayed Plaintiff's medical care and treatment and compromised Plaintiff's mental and physical health and well being.

23.     Plaintiff was required to retain legal counsel, and is obligated to pay

Plaintiff's attorneys a reasonable fee and expenses for services to be rendered in this cause.

24.     The causes of action asserted herein arise under 46 U.S.C. 688 et seq., (commonly known as the "Jones Act"), and the General Maritime Law as recognized by the Courts of the United States and the State of Florida.

## COUNT I

## JONES ACT NEGLIGENCE

25.     Plaintiff re-alleges and re-avers Paragraphs 1 through 24.

26.     At all times material hereto, Plaintiff was employed by Defendant as a seaman, within the definition of the Jones Act, to serve as a member of the crew of the M/S WONDER which was in navigable waters at such date and time.

27.     Defendant owed Plaintiff the duty to provide a safe place to work with reasonable equipment, assistance by co-employees, training, and instruction such that Plaintiff could perform the job obligations in a reasonably safe manner.

28.     Defendant owed Plaintiff the duty to assign Plaintiff work which Plaintiff was reasonably suited to Plaintiff's physical condition and not to assign Plaintiff work which reasonable men would realize might aggravate his injuries or physical disabilities.

29.     Defendant breached the foregoing duty, in the following respects, by:

a.      Failing to use reasonable care to provide Plaintiff with a safe place to work;

b.      Failing to provide adequate training, instruction, and supervision;

c.      Failing to provide adequate assistance to Plaintiff;

d.      Requiring Plaintiff to work exceedingly long hours under difficult circumstances and dangerous conditions, without adequate rest, sleep, food and nourishment, and without adequate assistance, safety devices, and precautionary measures;

e.      Failing to assign Plaintiff work which would not aggravate his existing injuries or disabilities. *See, e.g.*, *Walsh v. Consolidated Rail Corporation*, 937 F. Supp 380, 390 (E.D. Pa. 1996);

f.      Failing to assign Plaintiff to work for which he was reasonably suited or physically qualified. *See, e.g.*, *Walsh v. Consolidated Rail Corporation*, 937 F. Supp 380, 390 (E.D. Pa. 1996);

g.      Failing to warn Plaintiff of the unreasonably dangerous conditions which existed on the premises and in Defendant's work practices;

h.      Failing to adequately investigate prior and subsequent incidents and injuries on the M/S WONDER and other vessels in its fleet of cruise ships;

i.      Failing to provide Plaintiff with appropriate equipment and appurtenances to perform the required work in a safe manner.

j.      Failing to provide a sufficient number of crew members to assist and/or supervise the performance of the required work in a safe manner;

k.      Failing to adequately train, supervise, or assist Plaintiff in the performance of Plaintiff's job responsibilities;

-7-

l.      Ignoring prior complaints of unsafe working conditions aboard the vessel and failing to implement a system of carrying and lifting items in an ergonomically safe manner;

m.     Failing to provide prompt, adequate, and complete medical care which aggravated Plaintiff's injuries and caused Plaintiff to experience additional pain and suffering and disability;

n.      Ignoring the repeated injuries sustained by employees and employees who are  required to carry items on the cruise ship;

o.      Failing to re-assign Plaintiff to another type of work;

p.      Failing to perform an adequate pre-employment physical examination and/or failing to inform Plaintiff of the results and significance of the results of the examination;

q.      Hiring and retaining incompetent physicians to perform pre-employment physical examinations and to provide treatment on the cruise ships for injured crew members; and

r.      Other acts of fault and negligence which will be proven at the trial of this matter.

30.     As a direct and proximate result of Defendant's breach of the foregoing legal duties and negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of

earnings, loss of ability to earn money, aggravation of previously existing conditions, and medical expenses.  These losses and injuries are either permanent or continuing and Plaintiff will suffer these losses and injuries in the future.

WHEREFORE, Plaintiff prays this Honorable Court enter a judgment against Defendant for compensatory damages in excess of the jurisdictional limits of this Court, together with costs, interest, and pre-judgment interest,  and award any and all other relief this Court deems appropriate.  Further, Plaintiff demands trial by jury of all issues so triable as of right.

## COUNT II

## UNSEAWORTHINESS

31.    Plaintiff re-alleges and re-avers Paragraphs 1 through 24.

32.    At all times material hereto, Defendant owned, operated, maintained, or controlled the M/S DISNEY WONDER, and its appurtenances and equipment, and employed and controlled the crew, and implemented work practices aboard this cruise ship.

33.    At all times material hereto, the Defendant owed the Plaintiff the non-delegable duty to provide Plaintiff with a seaworthy vessel upon which to work.

34.    Defendant breached the foregoing duty by failing to provide Plaintiff with a seaworthy vessel on which to work.  The vessel was unseaworthy due to the inadequate crew, which was understaffed and deficient in number and in training; the unsafe work

practices; the absence of safe equipment and appurtenances of the cruise ship; the unsafe practices of limiting the ability of the ship physicians to practice medicine by threatening the doctors with negative employment evaluations or non-renewals of their contract in the event that they refer injured crew members ashore or keep the crew members on sick lists; the unsafe practices of denying medical treatment in the United States to its injured crew and insisting that they return home where they do not receive appropriate or timely medical care and treatment; the unsafe practice of assigning work to crew members which they are physically not qualified or suited to perform; and the unsafe work practice of assigning work to injured or disabled crew members which might aggravate their medical conditions or disabilities.

35.     As a direct and proximate result of Defendant's breach of the foregoing legal duties and the unseaworthiness of the vessel, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money, aggravation of previously existing conditions, and medical expenses.  These losses and injuries are either permanent or continuing and Plaintiff will suffer these losses and injuries in the future.

WHEREFORE, Plaintiff prays this Honorable Court enter a judgment against Defendant for compensatory damages in excess of the jurisdictional limits of this Court, together with costs, interest, pre-judgment interest, and award any and all other relief this Court deems appropriate.  Further, Plaintiff demands trial by jury of all issues so triable

as of right.

## COUNT III

### FAILURE TO PROVIDE PROMPT, ADEQUATE AND COMPLETE MEDICAL TREATMENT

36.     Plaintiff re-alleges and re-avers Paragraphs 1 through 24.

37.     At all times material hereto, under the mandate of the Jones Act §46 U.S.C. 688 et seq., Defendant had an affirmative and legal duty to provide to its crew members, including Plaintiff, with prompt and adequate medical treatment for any and all injuries sustained while in the service of the vessel.

38.     Plaintiff sustained a serious back injury while in the service of Disney's M/S WONDER.

39.     Defendant owed Plaintiff the duty to assign Plaintiff work which Plaintiff was reasonably suited to Plaintiff's physical condition and not to assign Plaintiff work which reasonable men would realize might aggravate his injuries or physical disabilities.

40.     At all times material hereto, Defendant failed to provide prompt, adequate, and complete medical care and treatment for Plaintiff's serious injuries, in the following respects, by:

a.     Failing to adequately treat Plaintiff's orthopedic injuries;

b.     Failing to provide Plaintiff with prompt, full and complete medical care and treatment;

c.     Failing to adequately provide surgery to Plaintiff with an appropriately

-11-

educated, trained and experienced surgeon;

      d.     Failing to prescribe appropriate therapy to Plaintiff;

      e.     Failing to promptly arrange and pay for required medical care and treatment when such medical assistance was medically necessary and directly related to the serious injuries Plaintiff sustained while in the service of the vessel;

      f.     Hiring and retaining incompetent physicians to attempt to treat Plaintiff;

      g.     Hiring of an incompetent physician to treat an injured crew member, thereby rendering Defendant vicariously liable for the medical malpractice of this doctor; and

      h.     Other acts of negligence which will be proven at trial.

      41.    As a direct and proximate result of Defendant's failure to provide Plaintiff with prompt, adequate, and complete medical care, Plaintiff sustained additional injuries, prolonged and delayed recovery, additional pain and suffering, mental anguish, depression, disability, lost wages, and loss of earning capability.

      WHEREFORE, Plaintiff prays this Honorable Court enter a judgment against Defendant for compensatory damages in excess of the jurisdictional limits of this Court, together with costs, interest, pre-judgment interest, and award any and all other relief this Court deems appropriate.  Further, Plaintiff demands trial by jury of all issues so triable as of right.

## COUNT IV

## FAILURE TO TIMELY PROVIDE ENTIRE MAINTENANCE AND CURE

42.     Plaintiff re-alleges and re-avers Paragraphs 1 through 24.

43.     Plaintiff sustained injuries while serving as a member of crew of the M/S WONDER.

44.     Pursuant to the General Maritime Law, Plaintiff is entitled to recover maintenance and cure from Defendant until Plaintiff reaches the point of maximum medical cure.  Such maintenance and cure includes, among other items, sick wages, lodging expenses, food, beverages, living expenses, travel expenses to and from healthcare providers, the costs of medical care and treatment, therapy, medication, surgery, rehabilitation, mental counseling and other medical expenses.

45.     Defendant purposefully refused to arrange for and pay such medical cure despite its knowledge that such is required by law and necessary for the support and medical treatment of Plaintiff.  Defendant failed to meet its maintenance and cure obligations, in the following respects, by:

a.      Failing to make appropriate arrangements for Plaintiff's medical care and treatment;

b.      Failing to pay Plaintiff all of Plaintiff's actual daily living expenses and all of Plaintiff's cure;

c.      Ignoring and/or unreasonably delaying in responding to Plaintiff's attempts

to obtain the prompt and adequate maintenance and cure to which Plaintiff is legally entitled to by law;

d. Unreasonably delaying in paying Plaintiff's maintenance and sick wages, and paying an amount which was inadequate;

e. Refusing to reimburse Plaintiff for the medical expenses, medication, travel expenses, lodging, food, beverages, and other living expenses which Plaintiff incurred;

f. Failing to provide appropriate medical treatment for Plaintiff;

g. Failing to authorize mental counseling, psychotherapy, or other professional support and assistance for Plaintiff's mental anguish and depression;

h. Engaging in a pattern of systematic delay, avoidance, and denial designed and intended by Defendant to demoralize, intimidate and defeat Plaintiff from obtaining Plaintiff's basic maintenance and cure obligations;

i. Hiring incompetent doctors who performed negligent medicine; and

j. Sending Plaintiff to India and then refusing to timely provide complete maintenance and cure even though Plaintiff had been injured and needed medical treatment and had not reached maximum medical improvement.

46. Plaintiff employed undersigned counsel in order to assert Plaintiff's rights and to obtain what Defendant failed and refused to arrange, provide and pay for to date and in the future.

47. Defendant's failure to pay Plaintiff's maintenance and cure is willful,

-14-

arbitrary, capricious, in violation of law, without any reasonable basis, and in complete and total disregard of Plaintiff's right as a seaman.

48.     As a direct result of the foregoing acts, Plaintiff incurred maintenance and medical expenses and has become obligated to pay the undersigned a reasonable attorney fee.

WHEREFORE, Plaintiff prays this Honorable Court enter a judgment against Defendant for compensatory damages in excess of the jurisdictional limits of this Court, punitive damages, attorney fees, costs, interest, prejudgment interest, and other all other relief this Court deems appropriate.  Further, Plaintiff demands trial by jury of all issues so triable as of right.

<u>**REQUEST FOR JURY TRIAL**</u>

Plaintiff is entitled to and requests trial by jury against Defendant on all issues and for all counts alleged in the Complaint.

Dated:   January 5, 2022                     Respectfully submitted,

Miami, Florida                               _/s/ James M. Walker_
                                             James M. Walker
                                             Florida Bar No. 755990
                                             jim@cruiselaw.com
                                             WALKER & O'NEILL, P.A.
                                             Attorneys for Plaintiffs
                                             Plaza 57, Suite 430
                                             7301 S.W. 57th Court
                                             South Miami, Florida 33143
                                             Tel. No.        (305) 995-5300
                                             Facsimile:      (305) 723-7770

-15-

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic notices of Electronic Filing.

*/s/ James M. Walker*
James M. Walker (755990)

**SERVICE LIST**

James M. Walker, Esq.
*Counsel for the Plaintiff*
jim@cruiselaw.com
Walker & O'Neill, P.A.
7301 S.W. 57th Court, Suite 430
South Miami, Florida 33143
Telephone: (305) 995-5300
Facsimile:   (305) 723-7770

-16-